# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOSEPH STANCO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 2019-0751-SG |
| | ) | |
| | ) | |
| RALLYE MOTORS HOLDING, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Date Submitted: November 26, 2019
Date Decided: December 23, 2019

John P. DiTomo, Elizabeth A. Mullin, and Emily Bryant-Alvarez of MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, Delaware; OF COUNSEL: Michael C. Marsh, Ryan Roman, Donnie King, and Chanelle Artiles, of AKERMAN LLP, Miami, Florida, *Attorneys for* Plaintiff Joseph Stanco.

Timothy R. Dudderar and Robert J. Kumor, of POTTER ANDERSON & CORROON LLP, Wilmington, Delaware, *Attorneys for* Defendant Rallye Motors Holding LLC.

GLASSCOCK, Vice Chancellor

The Plaintiff brings this Action for entity records under 6 *Del. C.* § 18-305—the analog of a DGCL Section 220 action applicable to limited liability companies—and the entity's LLC agreement (the "LLC Agreement"). The Plaintiff is the former Managing Member of the Defendant, Rallye Motors Holding LLC ("Rallye" or the "Company").[1] The matter is scheduled for trial on February 27, 2019. Rallye has moved to dismiss, pointing to language in the LLC Agreement providing that disputes arising therefrom "shall be venued"[2] in the courts of two counties of the State of New York. In the alternative, Rallye points to a New York action by a plaintiff similarly situated to the Plaintiff here, seeking, among other things, to compel inspection of the same Rallye documents the Plaintiff seeks in this litigation. Rallye argues that this Action should be dismissed in favor of the first-filed New York action under the rationale of *McWane Cast Iron Pipe Corp. v. McDowell-Wellman Engineering Co.*[3]

I find neither argument persuasive; accordingly, the Motion to Dismiss is denied.

---

[1] I note that the record is inconsistent as to whether the entity's name has a comma. Because the entity's name in the LLC Agreement is "Rallye Motors Holding LLC" I omit the comma. Verified Compl. for Inspection of Books and Records, D.I. 1 ("Compl."), Ex. B. ("LLC Agreement"), § 1.1.

[2] The modern penchant for conjuring verbs from nouns has created slews of verbs of which our foremothers could never have dreamed. Despite this widespread practice, I have run across no frankenverb uglier than "venued."

[3] 263 A.2d 281 (Del. 1970).

# I. BACKGROUND[4]

## A. *The Parties*

Defendant Rallye is a Delaware limited liability company that acts as a holding company for five automobile dealerships on Long Island, New York.[5]

Plaintiff Joseph Stanco is a member of Rallye, and owns 5.5% of Rallye's membership units.[6]

## B. *Factual Background*

Rallye, founded in 1958, is composed of five auto dealerships on Long Island, New York.[7] The Plaintiff began working for the Company around 1980.[8] The Plaintiff first acquired an ownership interest in Rallye in 2000, when one of the Company's founders departed, selling a portion of his membership interest to the Plaintiff.[9] In 2006, the Plaintiff was promoted to President and CEO of Rallye.[10] In 2007, the Plaintiff acquired additional membership units from a departing employee, bringing him to his current ownership level of 5.5%.[11] In 2011, the Plaintiff joined

---

[4] I draw the facts from the Plaintiff's Verified Complaint for Inspection of Books and Records and exhibits attached thereto.

[5] Compl., ¶ 2.

[6] *Id.* ¶ 3.

[7] *Id.* ¶ 4–5.

[8] *See id.* ¶ 7.

[9] *Id.* ¶ 6.

[10] *Id.* ¶ 7.

[11] *Id.* ¶ 8.

Rallye's Board of Managers and became the Managing Member of the Company.[12] The Plaintiff's employment at Rallye ended when Rallye fired the Plaintiff without cause in 2017.[13]

On August 27, 2019, the Plaintiff demanded inspection of Rallye's books and records (the "Demand") under § 18-305 of Delaware's LLC Act and § 8.3 of the LLC Agreement.[14] The Plaintiff seeks to inspect Rallye's books and records to evaluate: (1) the status of his ownership interest in Rallye, (2) the value of his ownership interest in Rallye, (3) the business and financial condition of Rallye, (4) the performance of Rallye's management after failing to make distributions to Stanco and other shareholders, (5) the independence of Rallye's management, (6) the propriety of Rallye's disclosures,[15] and (7) the current business being transacted by Rallye.[16]

*C. Procedural History*

As noted, the Plaintiff made the Demand on August 27, 2019. On September 19, 2019, the Plaintiff filed a Verified Complaint for Inspection of Books and Records (the "Complaint"). On October 2, 2019, Rallye filed its Motion to Dismiss

---

[12] *Id.* ¶ 9.

[13] *Id.* ¶ 10.

[14] *Id.* ¶ 11.

[15] It is unclear from the Complaint what disclosures the Plaintiff is referring to.

[16] Compl., ¶ 12.

3

the Complaint. I heard Oral Argument on the Motion to Dismiss on November 26, 2019 and considered the Motion submitted for decision on that date.

## II. ANALYSIS

Rallye has moved to dismiss this action under Chancery Court Rules 12(b)(3) and 12(b)(6).[17] In considering such a motion:

> (i) all well-pleaded factual allegations are accepted as true; (ii) even vague allegations are well-pleaded if they give the opposing party notice of the claim; (iii) the Court must draw all reasonable inferences in favor of the nonmoving party; and (iv) dismissal is inappropriate unless the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances susceptible of proof.[18]

When reviewing a motion to dismiss, the Court may take into consideration documents "incorporated into the pleadings by reference and may take judicial notice of relevant public filings."[19]

### A. *The LLC Agreement Does Not Require the Plaintiff to Bring his Dispute in New York*

The Plaintiff seeks to vindicate his right to books and records under § 8.3 of the LLC Agreement and 6 *Del. C.* § 18-305(a). Section 8.3 of the LLC Agreement provides, in part:

> Each Member shall have the right, at all reasonable times during usual business hours, to audit, examine and make copies of; or extracts from,

---

[17] Ch. Ct. R. 12(b)(3); Ch. Ct. R. 12(b)(6).

[18] *Savor, Inc. v. FMR Corp.*, 812 A.2d 894, 896–97 (Del. 2002) (footnotes and internal quotations omitted).

[19] *See Fairthorne Maint. Corp. v. Ramunno*, 2007 WL 2214318, at *4 (Del. Ch. Jul. 20, 2007) (citations omitted).

the books of account and other financial records of the Company at its principal place of business. Such right may be exercised through any agent or employee of a Member designated by such Member or by an independent certified public accountant designated by such Member.[20]

6 *Del. C.* § 18-305(a) provides that:

Each member of a limited liability company, in person or by attorney or other agent, has the right, subject to such reasonable standards (including standards governing what information and documents are to be furnished at what time and location and at whose expense) as may be set forth in a limited liability company agreement or otherwise established by the manager or, if there is no manager, then by the members, to obtain from the limited liability company from time to time upon reasonable demand for any purpose reasonably related to the member's interest as a member of the limited liability company . . . .[21]

Rallye, however, argues that the Plaintiff waived his right to bring such an action in this jurisdiction, via the LLC Agreement. The relevant provision of the LLC Agreement is § 12.7:

This Agreement, including its existence, validity, construction and operating effect, and the right of each of the parties hereto, shall be governed by and construed in accordance with the laws of the State of Delaware without regard to principles of conflict of laws. Any and all disputes relating to this Agreement shall be venued in either the Supreme Court of the State of New York, Nassau County, Commercial Division and/or the Surrogate's Court located in New York County.[22]

Rallye argues that, as a party to the LLC Agreement, the Plaintiff's venue for seeking entity records is limited to these two New York counties. LLCs are, in

---

[20] LLC Agreement, § 8.3.

[21] 6 *Del. C.* § 18-305(a).

[22] LLC Agreement, § 12.7.

5

contradistinction to corporations, creatures of contract. Because the Plaintiff was both a member and a manager of Rallye, he is a party to the LLC Agreement.

Nonetheless, there are statutory limits to the freedom of LLCs and their members to contract. The Plaintiff argues that the venue provision of the LLC Agreement is not enforceable against him. He points to 6 *Del. C.* § 18-109(d), which reads:

> In a written limited liability company agreement or other writing, a manager or member may consent to be subject to the nonexclusive jurisdiction of the courts of, or arbitration in, a specified jurisdiction, or the exclusive jurisdiction of the courts of the State of Delaware, or the exclusivity of arbitration in a specified jurisdiction or the State of Delaware, and to be served with legal process in the manner prescribed in such limited liability company agreement or other writing. Except by agreeing to arbitrate any arbitrable matter in a specified jurisdiction or in the State of Delaware, **a member who is not a manager may not waive its right to maintain a legal action or proceeding in the courts of the State of Delaware with respect to matters relating to the organization or internal affairs of a limited liability company**.[23]

6 *Del. C.* § 18-109(d) is worded negatively. It implies, but does not state explicitly that managing-members may waive their right to a Delaware venue. Here, at the time the LLC Agreement was entered, the Plaintiff was a manager as well as a member. At the time this Action was filed, he was "a member who [was] not a manager." Under these circumstances, must the Plaintiff be held to have waived his statutory right to a Delaware venue for books and records?

---

[23] 6 *Del. C.* § 18-109(d) (emphasis added).

6

The statute is, perhaps, ambiguous in this situation. The Company argues that the purpose of the statute is to prevent oppression of members who have limited (or no) bargaining power as to the terms of LLC agreements. Accordingly, the Company advocates that a manager may waive the right to a Delaware venue for litigation involving the LLC's internal affairs, in a way binding even if—as here— he is later removed as a manager. The Plaintiff, on the other hand, argues that the statute is intended to protect members who wish to litigate internal affairs matters, by ensuring a forum in Delaware, and that this interest is best vindicated by construing the ability to waive as of the time the action is filed.

Fortunately, and despite the urging of the parties, I need not decide the matter by resolving any ambiguity in the statute. Generally, except as limited by contractual waiver, the members of a Delaware LLC have the right to vindicate proper books and records demands in this Court. Waivers of rights, to be enforceable, must encompass a knowledge of the right and the clear expression of the intent to relinquish the right.[24] The language of the LLC Agreement does not clearly evince a waiver of the right to venue in this Court. The New York venue provision of the LLC Agreement applies to "[a]ny and all disputes arising out of this Agreement." The dispute here is not solely about rights under the LLC Agreement, however; it is also about a *statutory right to entity records.* To the extent the Plaintiff meant to

---

[24] *E.g. Realty Growth Inv'rs v. Council of Unit Owners*, 453 A.2d 450, 456 (Del. 1982).

7

waive his statutory right to bring such an action here, he has not clearly so expressed it via the LLC Agreement. Moreover, it is clear to me that at the time he entered the LLC Agreement, the Plaintiff could not have intended to waive his rights to a books and records demand *as a manager.* Acting as not only a manager but the Managing Member of Rallye, he would have access to the Company's books and records. It is only because he was removed as manager that he seeks to vindicate his *statutory* rights *as a member.* Reading the LLC Agreement in light of 6 *Del. C.* § 18-109, I find that the parties to the LLC Agreement cannot have intended the waiver of Delaware venue for internal affairs litigation—a waiver enforceable (under the statute) only against managers—to apply to a member's statutory action for books and records.

The Company's Motion to Dismiss on this ground is denied.

*B. McWane Does Not Apply to the Plaintiff's Claim*

A successful motion to dismiss on *forum non conveniens* grounds requires a defendant to overtop a difficult, though not insurmountable, standard. Such a defendant must demonstrate that it would be subject to a high degree of hardship, should the litigation go forward in Delaware.[25] The Company does not attempt to, and could not, make such a showing here. Instead, it seeks to dismiss the case under

---

[25] *Martinez v. E.I. DuPont de Nemours & Co.*, 86 A.3d 1102, 1104–1105 (Del. 2014).

8

the *McWane* rationale.[26]  Under *McWane*, this Court's discretion is to be freely exercised in favor of a stay or dismissal where "there is a prior action pending elsewhere, in a court capable of doing prompt and complete justice, involving the same parties and the same issues."[27]  The Company points out that the intent of *McWane* was to advance efficiency, and that a New York action also exists, between the Company and another member similarly situated to the Plaintiff, seeking in part similar relief to the document production the Plaintiff seeks here (the "NY Books and Records Action").[28]  In Rallye's view, in the interests of efficiency the Plaintiff should thus be dismissed here and required to join the NY Books and Records Action for the relief he seeks.[29]

The sole plaintiff in the NY Books and Records Action, Nicholas Toomey, is a member of Rallye and owns 5.5% of Rallye's membership units.[30]  According to Rallye, Toomey and the Plaintiff are cohorts, former Rallye employees fired purportedly for cause in 2017.[31]  In November of 2017, Toomey and Stanco filed an

---

[26] *McWane Cast Iron Pipe Corp. v. McDowell-Wellman Eng'g Co.*, 263 A.2d 281 (Del. 1970).

[27] *Id.* at 283.

[28] *Toomey v. Rallye Motors Holding, LLC, et al.*, Index No. 613005/2019 (N.Y. Sup. Ct.).

[29] I note that part of Defendant's argument to the court in the New York action is that the LLC Agreement is void *ab initio*.  Nonetheless, here Defendant is attempting to enforce the Agreement against the Plaintiff.  While this strikes me as raising a judicial estoppel, Plaintiff did not make this argument, and I therefore do not consider it here.

[30] Compl., ¶ 8.

[31] Def. Rallye Motors Holding LLC's Opening Br. in Supp. of its Mot. to Dismiss or Stay, D.I. 19 ("Rallye Op. Br."), at 1 ("Stanco . . . and his cohort, non-party Nicholas Toomey . . . were fired in

action in New York against Rallye for breach of contract (the "NY Breach of Contract Action").[32] Toomey then filed a second action in New York, the NY Books and Records Action. Stanco filed this action the same day. Rallye argues that for the purpose of a *McWane* analysis I should view the NY Books and Records Action in conjunction with the NY Breach of Contract Action filed in 2017 as the operative "prior action pending elsewhere." While not a party to the NY Books and Records Action, the Plaintiff is a party to the NY Breach of Contract Action. The NY Breach of Contract Action alleges breaches of Stanco's and Toomey's employment agreements and includes a count for accounting to "determine the amount of unpaid or underpaid distributions that are owed" to Stanco and Toomey.[33] The Company argues that the matter before me shares a "common nucleus of operative fact[]" with the NY Breach of Contract Action and thus should be considered to share "the same issues" with that action and the NY Books and Records Action in a *McWane* analysis.[34] However, the connection between the NY Breach of Contract Action and this action is, in my view, insufficient to support my exercise of discretion under *McWane*. The NY Breach of Contract Action is a plenary action, the matter here is

---

2017 for, among other things, gross incompetence and self-dealing . . . against the Company."). I note that the Complaint in this matter, by contrast, alleges Stanco was fired "without any cause." Compl., ¶ 10.

[32] *Stanco and Toomey v. Rallye Motors Holding, LLC*, Index No. 612155/2017 (N.Y. Sup. Ct.).

[33] Rallye Op. Br., at 8–9.

[34] *Id*. at 23–30.

a summary books-and-records proceeding. The gravamen of this action is Stanco's entitlement to Company documents consistent with his interest as a member, which to my mind does not share a significant nucleus of facts with the NY Breach of Contract Action, which concerns Stanco's contractual employment rights. Thus, I need consider only whether this action should be dismissed under *McWane* in favor of the NY *Books and Records* Action.

It would, no doubt, be efficient for Rallye to address the claims of the Plaintiff here in the NY Books and Records Action. *McWane*, however, seeks to promote efficient litigation by vindicating *a plaintiff's choice of forum*, in the situation where a party to the action seeks to defeat that choice by later filing another action in a different jurisdiction. It does not, and in my view should not be, employed to defeat a plaintiff's choice of forum in favor of an action in another jurisdiction filed contemporaneously by a third party, which involves similar issues or relief with respect to that third party's rights. Such an action does not "involv[e] the same parties and the same issues."

It is true that *McWane* may apply even if the parties to the two actions are not completely identical.[35] Here, however, the Company seeks to impose the doctrine on a party seeking to vindicate his rights to books and records as an LLC member,

---

[35] *E.g. Brookstone Partners Acquisition XVI, LLC v. Tanus*, 2012 WL5868902 at *3–4 (Del. Ch. Nov. 20, 2012) (noting that identity of parties prong is satisfied where differences are more form than substance).

via a summary action, to force him to litigate with another LLC member seeking to vindicate *that other member's* books and records right in a plenary action in a different forum. There is no overlap in the parties aside from the common defendant, nor are the issues necessarily the same. *McWane* is not—and should not be—that flexible. Therefore, the Motion to Dismiss under *McWane* is denied.

## III. CONCLUSION

The Defendant's Motion to Dismiss is denied. An appropriate Order is attached.

# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | |
|---|---|
| JOSEPH STANCO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 2019-0751-SG |
| | ) |
| | ) |
| RALLYE MOTORS HOLDING, LLC, | ) |
| | ) |
| Defendant. | ) |

## **ORDER**

AND NOW, this 23rd day of December, 2019, for the reasons set forth contemporaneously in the attached Memorandum Opinion dated December 23, 2019, IT IS HEREBY ORDERED that the Defendant's Motion to Dismiss is DENIED.

/s/ Sam Glasscock III

Vice Chancellor